UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LEE DANIELS II,           ) | |
| )| |
| Petitioner,           ) | |
| )| |
| v.           ) | Case No. CIV-25-1085-R |
| )| |
| WARDEN, JOSEPH HARP           ) | |
| CORRECTIONAL CENTER,           ) | |
| )| |
| Respondent.           ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin [Doc. No. 7]. Petitioner David Lee Daniels II, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for Burglary in the First Degree and Concealing Stolen Property [Doc. No. 1]. Judge Erwin recommends dismissal of the Petition. Petitioner filed an Objection [Doc. No. 8] and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1).

## LEGAL STANDARD

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-

00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A petitioner waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Petitioner proceeds *pro se*, the Court will construe his objections liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

## DISCUSSION

Judge Erwin recommends dismissal of the Petition for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A), which provides: "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is Petitioner's third habeas petition challenging the same underlying state court convictions. His first petition was denied on the merits, the second dismissed as untimely. *See Daniels v. Dowling*, Case No. 19-374-R (W.D. Okla. Apr. 25, 2019); *Daniels v. Harding*, Case No. 24-270-R (W.D. Okla. Mar. 13, 2024). Judge Erwin recommends that because Petitioner has not sought proper authorization from the Tenth Circuit, his Petition should be denied because it is second or successive.

Petitioner objects, arguing his Petition is not second or successive because (1) it is the first challenge to a new judgment and (2) his claims were not ripe at the time of his prior habeas petitions. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (a prisoner's later resentencing "led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply"); *Brewer v. Drummond*, 751 F. Supp. 3d. 1246 (N.D. Okla. 2024) (habeas petition was not successive where facts underlying the claims did not exist before the conclusion of the prior habeas petition).

Petitioner argues that the denial of his application for resentencing pursuant to the Oklahoma Survivors Act constitutes a new judgment and thus his Petition challenging that denial cannot be second or successive. The Oklahoma Survivors Act establishes sentence mitigations for qualifying prisoners that are survivors of domestic violence and other abuse. OKLA. STAT. tit. 22, § 1090.1 *et seq*.

> Many states, like Oklahoma, provide post-conviction remedies even though they're not constitutionally required. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (concluding that states have no constitutional obligation to provide post-conviction relief). Given the availability of these remedies, a defendant might seek habeas relief based on a state court's errors in the post-conviction proceedings. But habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

*Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024).

In *Parker v. Tensley*, No. CIV-25-767-D, 2025 WL 3443227 (W.D. Okla. Dec. 1, 2025), the petitioner sought a Writ of Habeas Corpus, arguing that the Oklahoma district court wrongfully denied his application for resentencing pursuant to the OSA. The Magistrate Judge found and District Judge agreed that petitioner was attacking a state post-conviction procedure, which was an improper basis for a § 2254 petition. *Id.* at *2.

Here, Petitioner is also challenging Oklahoma's post-conviction procedure under the OSA, which is not a cognizable basis for a § 2254 petition. The OSA's denial of his application for resentencing is therefore not a new judgment and does not make his Petition non-successive.

Petitioner next argues "he does not need a new judgment to show that the Petition is not a second or successive habeas petition." *Brewer*, 751 F. Supp. 3d at 1256. Courts have found that claims unripe at the time of a prisoner's first habeas petition are not considered second or successive if, after becoming ripe, they are later asserted in another habeas petition. *See id.* at 1256-59; *Panetti v. Quarterman*, 551 U.S. 930 (2007); *In re Weathersby*, 717 F.3d 1108 (10th Cir. 2013). Petitioner argues his Petition is not second or successive because his current claims could not have ripened until 2024-2025, when (1) the Oklahoma Survivors Act was enacted and (2) neuroscience research from Virginia Tech was published showing that offenders with histories of childhood sexual assault lack decision-making capacity.

The Court has already determined that allegations based on the denial of Petitioner's OSA application are not cognizable as habeas claims. It will therefore focus its analysis on this point upon Petitioner's arguments regarding the Virginia Tech research.

Petitioner argues that the newly published Virginia Tech research supplies a newly discovered factual predicate for his ineffective assistance of trial counsel claim (Ground One), saving it from dismissal as second or successive. To state a claim for ineffective assistance of counsel, Petitioner must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Virginia Tech research Petitioner references was published in 2024-2025, and Petitioner's trial and appeals took place long before that publication. Petitioner's counsel cannot have been deficient for not presenting evidence of a study that did not exist at the time. Petitioner has failed to allege a new factual predicate for his ineffective assistance of counsel claim and his Petition is therefore second or successive with respect to that claim as well.

Petitioner also appears to argue that the Virginia Tech research forms a new factual predicate for his other claims. The Court can hardly characterize the Virginia Tech publications as a newly discovered factual predicate. The argument that Petitioner's childhood sexual abuse affected his decision-making capacity such that his sentence should be mitigated has long been available to Petitioner. Petitioner himself cites other studies, published long before the Virginia Tech research, that indicate childhood sexual abuse affects brain development. Had he exercised due diligence, Petitioner could have asserted these arguments long ago. The Petition is therefore second or successive with respect to his remaining claims.

Because Petitioner has failed to show any of his claims are not second or successive, the Court lacks jurisdiction over his Petition. 28 U.S.C. § 2244(b)(3)(A).

Petitioner argues that if the Court lacks jurisdiction over his Petition, it should transfer the Petition to the Tenth Circuit rather than dismissing it. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed.").

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citation omitted).

"Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization." *Id.* at 1252.

Petitioner's claims regarding the denial of his OSA application are not cognizable under habeas and are therefore meritless. Dismissal of these claims (Grounds Two, Three, and Four of the Petition) is therefore warranted.

If Petitioner's remaining claims lack merit, the Court may conclude it is not in the interest of justice to transfer the Petition to the Tenth Circuit.

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> **(A)**   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or

6

**(B)**

    **(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Petitioner does not argue that his claims rely on a new rule of Constitutional law. Instead, he posits that the recent Virginia Tech research publications form a new factual predicate for his claims. This Court has already found that such research does not qualify as a factual predicate that could not have been discovered previously through due diligence. All of Petitioner's claims are therefore subject to dismissal pursuant to § 2244(b). Because there is no risk that a meritorious successive claim will be lost through dismissal, this Court finds it is not in the interest of justice to transfer the matter to the Tenth Circuit.

Accordingly, the Report and Recommendation is ADOPTED in its entirety. This matter is DISMISSED WITHOUT PREJUDICE.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 31st day of December, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE