UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

DAVID LEE DANIELS II,                    )
                                         )
            Petitioner,                  )
                                         )
v.                                       )        Case No. CIV-25-1085-R
                                         )
WARDEN, JOSEPH HARP                      )
CORRECTIONAL CENTER,                     )
                                         )
            Respondent.                  )

## ORDER

Before the Court is Petitioner's[1] Motion for Reconsideration [Doc. Nos. 11, 11-1].

In a previous Order [Doc. No. 9], the Court adopted the Report and Recommendation [Doc.

No. 7] issued by United States Magistrate Judge Shon T. Erwin recommending that

Petitioner's request for habeas relief be dismissed. The Order found the Court lacked

jurisdiction over the habeas petition because it was second or successive and Petitioner had

not complied with 28 U.S.C. § 2244(b)(3)(A): "Before a second or successive application

. . . is filed in the district court, the applicant shall move in the appropriate court of appeals

for an order authorizing the district court to consider the application."

Because Petitioner's Motion was filed within 28 days of entry of judgment,[2] it is

most appropriately considered under Federal Rule of Civil Procedure 59(e). "Rule 59(e)

---

[1] Because Petitioner is proceeding pro se, the Court construes his motion liberally but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Though ECF reflects the Motion was filed on January 30, 2026 (thirty days after entry of judgment), the envelope within which Petitioner mailed his Motion to the courthouse was stamped on January 27, 2026, which falls within 28 days of this Court's entry of judgment

1

relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (brackets omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law" but "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Petitioner argues reconsideration is necessary to correct clear error and prevent manifest injustice, but his Motion fails to meet the Rule 59(e) standard.

First, Petitioner contends this Court improperly relied upon *Parker v. Tensley*, No. CIV-25-767-D, 2025 WL 3443227 (W.D. Okla. Dec. 1, 2025) because it is an unpublished, non-final decision. Petitioner supports his argument with a citation to Tenth Circuit Rule 32.1(A), which states that "citation of unpublished decisions is permitted as authorized in Federal Rule of Appellate Procedure 32.1. Unpublished decisions are not precedential, *but may be cited for their persuasive value*." (emphasis added).[3]

---

[Doc. No. 11-2]. "[T]he 'prisoner mailbox rule' provides that an inmate's pleadings are deemed filed as of the date on which they are deposited into the appropriate prison mailing system." *Lockaby v. Young*, 42 F. App'x 313, 318 (10th Cir. 2002) (unpublished) (citing *Houston v. Lack*, 487 U.S. 266, 275-76 (1988)).

[3] "A court may not prohibit or restrict the citation of federal judicial opinions[ or] orders . . . that have been . . . designated as 'unpublished,' 'not for publication,' 'non-precedential,' 'not precedent,' or the like." FED. R. APP. P. 32.1.

In response, the Court will quote from *Tronox Inc. v. Anadarko Petroleum Corp.*, 14-CV-5495 (JPO), 2025 WL 2242166, at *3 (S.D.N.Y. Aug. 6, 2025):

> [Petitioner's] argument is baseless . . . because [*Parker*] is exactly as "nonprecedential" as every other district court opinion. Unlike appellate court decisions, district court decisions are not precedential in the strict sense of the word: they are not binding on other courts or judges—even judges in the same district—in subsequent cases. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

As far as district court opinions go, both

> a district court opinion that is published in the *Federal Supplement* reporter, giving it an "F. Supp. 3d" citation, and an opinion published only on a computerized database such as Westlaw or Lexis[,] . . . can be and are routinely cited for their persuasive value, and both can be rejected when other judges and courts find that they lack persuasive force. . . . District court opinions can, however, provide persuasive guidance for those in similar or distinguishable situations, making them "not merely the property of private litigants." *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994).

*Id.* (footnote omitted).

While non-binding, the *Tronox* decision is *persuasive* to this Court. Citing *Parker* was not improper. Nowhere did the Court state that it viewed *Parker* as "binding precedent." The Court engaged in its own review of Petitioner's arguments and the law relevant to the decision made in its Order, found *Parker* persuasive, and ruled accordingly.[4]

Petitioner next argues his Petition was not second or successive because (1) it was the first challenge to a new judgment and (2) his claims were not ripe at the time of his

---

[4] Petitioner devotes part of his briefing to distinguishing *Parker* from the facts of his case. But it does not change the fact that, like the Petitioner in *Parker*, he is challenging Oklahoma's post-conviction proceedings, something which, as discussed below, is *not cognizable* in a federal habeas proceeding.

prior habeas petitions. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (a prisoner's later resentencing "led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply"); *Brewer v. Drummond*, 751 F. Supp. 3d. 1246 (N.D. Okla. 2024) (habeas petition was not successive where facts underlying the claims did not exist before the conclusion of the prior habeas petition). The Court disagreed with Petitioner, who now raises arguments similar to those in his Objection, claiming that denial of relief under the Oklahoma Survivors' Act was a new judgment and/or new factual predicate that allows Petitioner to overcome the second or successive procedural bar.

The OSA, OKLA. STAT. tit. 22, § 1090.1, *et seq.*, establishes sentence mitigations for qualifying prisoners who are survivors of domestic violence and other abuse. Petitioner filed an application for relief pursuant to the OSA, but his application was denied. He argues the denial of his OSA application violated his constitutional rights.

This Court found Petitioner's challenge to the denial of his OSA application was a challenge to Oklahoma's post-conviction procedure under the OSA, and such a challenge was not a cognizable basis for a habeas petition. Indeed, as the Court said in its Order, and as the Tenth Circuit has stated:

> Many states, like Oklahoma, provide post-conviction remedies even though they're not constitutionally required. *See Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987) (concluding that states have no constitutional obligation to provide post-conviction relief). Given the availability of these remedies, a defendant might seek habeas relief based on a state court's errors in the postconviction proceedings. But habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) [].

4

*Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024) (citation altered).

Petitioner insists his challenge to the denial of his OSA application is not merely a challenge to state post-conviction procedures. But the Oklahoma Supreme Court has spoken on whether proceedings for resentencing under the OSA are classified as postconviction relief:

> Under the Survivors' Act, a sentencing hearing is defined as "a postconviction hearing in which the defendant is brought before the court for imposition of a sentence." OKLA. STAT. tit. 22, § 1090.2(5). In the same way, a resentencing hearing would also be classified as a postconviction hearing as it entails relief available only after a person has been convicted of a crime. Therefore, we conclude that, based on the plain language of the statute, the proceedings for resentencing under the Survivors' Act are indeed postconviction relief.

*Pybas v. Crites*, 578 P.3d 1209, 1212-13 (Okla. 2025) (citation altered) (finding prohibition on Oklahoma Indigent Defense System's representation of indigent defendants in postconviction proceedings applied to OSA postconviction resentencing proceedings).

Thus, postconviction proceedings pursuant to the OSA are considered "postconviction relief." "[B]ecause the constitutional error [Petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." *Sellers*, 135 F.3d at 1339; *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (a challenge to Oklahoma's post-conviction procedures, on its face and as applied to the petitioner, is not cognizable in a federal habeas proceeding); *Jackson v. Ray*, 292 F. App'x 737, 740 (10th Cir. 2008) (unpublished) ("Habeas relief under § 2254 is granted only for errors in the state judgment forming the basis for incarceration. If that judgment was proper, there is no ground for

5

habeas relief based on flaws in state postconviction proceedings."); *Parker*, 2025 WL 3443227, at *2 (where the "crux" of petitioner's § 2254 petition was his dissatisfaction with the state district court's denial of resentencing under the OSA, he stated no cognizable habeas claim). Petitioner's challenges based on his OSA application's denial are challenges only to Oklahoma's postconviction procedure. These challenges cannot form the basis of a habeas petition.[5]

Petitioner next argues the recent publication of neuroscientific research from Virginia Tech (indicating childhood maltreatment causes brain development delays that increase risk of impaired judgment) is a new factual predicate that is grounds for overcoming the second/successive bar. Despite the Court's Order stating that the publication of the new research was not a new factual predicate for Petitioner's claims, Petitioner insists otherwise.

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

[5] Petitioner briefly reasserts the argument that the denial of his OSA application was a new judgment, and thus his habeas Petition challenging that denial is not second or successive. The Court rejected this argument in its Order and will not engage with it further.

28 U.S.C. § 2244(b)(2)(B)(i)-(ii).[6] Petitioner's arguments on this point are primarily a regurgitation of those he made in his Objection to the Report; the Court has already stated it cannot characterize the publications as a newly discovered factual predicate.

The factual basis for Petitioner's claim—that Petitioner's history of childhood sexual abuse affected his ability to adhere to the law—existed long before the publication of the Virginia Tech research. *See Thompson v. Bryant*, 750 F. App'x 708, 710 (10th Cir. 2018) (unpublished) (quoting *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015)) (exception to the bar on unauthorized successive § 2254 motions applies "'where the factual basis for a claim does not yet exist—not where it has simply not yet been discovered—at the time of a defendant's first motion'"). Petitioner himself cited countless sources, available well before 2024, that indicated long-term maltreatment can cause deficits in cognitive systems essential for lawful behavior. One of the sources Petitioner cited was published as long ago as 2003. Moreover, Petitioner stated in his Petition: "At the time of sentencing (2015), substantial research was available documenting childhood sexual abuse effects on brain development as acquired brain injuries. . . . A competent neuropsychological evaluation would have established the connection between Mr. Daniels' documented abuse and his compromised decision-making capacity." Pet. at p. 31. Although the Virginia Tech research may have bolstered Petitioner's claims, given

---

[6] *See also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding "actual innocence . . . serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," but indicating such a standard is difficult to meet because a petitioner must persuade the court no reasonable juror would have found him guilty beyond a reasonable doubt).

Petitioner's own assertions that he could have established his diminished decision-making capacity based on the research available at the time of his sentencing, the Court cannot conclude the Virginia Tech research qualifies as a new factual predicate[7] for Petitioner's habeas petition that could not have been discovered even with due diligence.[8]

Thus, because Petitioner's claims regarding the denial of his OSA application are not cognizable on habeas, and neither the Virginia Tech publications nor the denial of Petitioner's OSA application constitute new factual predicates or new judgments, the Court lacks jurisdiction over Petitioner's second or successive Petition.

Petitioner argues that even if the Court lacks jurisdiction over his Petition, it should have transferred the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. "When a second or successive § 2254 [] claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631, or it may

---

[7] Petitioner also appears to argue that the second/successive bar should not apply to his claims because they did not ripen until the publication of the Virginia Tech research. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007); *In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013). But the Tenth Circuit in *Weathersby* indicated a claim is not second or successive if the basis for the claim didn't exist during the prior habeas proceedings. *Id.* The Court reiterates that, even though the Virginia Tech research had not yet been published, the factual basis for Petitioner's claims was available long before his prior habeas proceedings—Petitioner himself admitted this in his Petition.

[8] Petitioner briefly argues the Virginia Tech research also forms a new factual predicate for his ineffective assistance of trial counsel claim. This is a recycled argument the Court already rejected in its Order. Moreover, the Court's decision that the Virginia Tech research does not qualify as a new factual predicate applies to this claim as well. Petitioner posits that he could not have raised his current IAC claim until the publication of the Virginia Tech research—but because such research does not qualify as a new factual predicate, his IAC claim is barred as second or successive.

dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* Petitioner merely restates the arguments he presented in his Petition or Objection when arguing this Court should have transferred the matter. The Court already considered and rejected these arguments.[9]

And finally, Petitioner insists that even if the Court finds the Petition second or successive, the merits of his constitutional claims demonstrate manifest injustice will result if the Order is not reconsidered. The Court has already found it lacks jurisdiction over his claims and thus cannot consider the merits.

In any event, Petitioner states that *all* the constitutional violations he asserts "[t]race [b]ack to the OSA [d]enial." Doc. No. 11 at p. 11. As this Court has already stated, such claims are not cognizable in a habeas petition. In Petitioner's own words, "[i]f the OSA application had been heard properly, these [constitutional] violations would not exist. . . . *All arguments must tie back to the OSA application for resentencing to ensure a fair hearing*." *Id.* at pp. 11-12. Claims based upon Petitioner's clear dissatisfaction with postconviction proceedings related to his OSA application are not cognizable in a federal habeas proceeding.

---

[9] This hearkens back to a letter written by Judge Wayne Alley regarding motions for reconsideration. There, Judge Alley asked, "Is there some misapprehension widely held in the bar that our court, in ruling on a motion after it is fully briefed, is just hitting a fungo?" 62 Okla. B.J. 108 (1991); also cited in *United States v. Cos*, 498 F.3d 1115, 1123 n.2 (10th Cir. 2007).

Accordingly, Petitioner's Motion for Reconsideration [Doc. Nos. 11, 11-1] is DENIED.

IT IS SO ORDERED this 9th day of April, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**